NEW-YORK,<br>May, 1823.<br>The People<br>vs.<br>M. Romaine.

---

The People *vs* Michael Romaine.  *Grand Larceny.*

The defendant was charged with committing a larceny of the goods of Walter Legget, on the 24th day of April, 1823.

It appeared by the testimony, that the prosecutor had married the sister of the prisoner about three years ago, and that the prosecutor and his wife and father-in-law occupied the same house, or at least lived under the same roof, but separate; and that Mr. Legget had employed the prisoner his brother-in-law, in his store at different times, for about two years past, and had allowed him no salary for his services.

He missed about two months since, a considerable quantity of goods and money, and applied to the police for a

In larceny of the goods of partners, a contingent interest in the goods stolen, by one of the partners, is not sufficient to lay them as the goods of the partners, but should be laid in the indictment as the sole pro-

NEW-YORK,
May, 1823.

The People
*vs.*
M. Romaine.

perty of the
partner who
has the legal
interest in
them.

warrant against the prisoner; he absconded, and in about two weeks returned, was arrested, examined, and committed for trial.

Upon examining his trunk it was found to contain a part of the linen stolen from Mr. Legget—claimed and proved to belong to him.

It also appeared, by the testimony of Mr. Sharp, that he was concerned in the store of Mr. Legget. He received a compensation, weekly, for his services; but was to have a share in the profits, now made, at the expiration of a certain period.

Upon this evidence, Doctor Graham and M'Ewing for the prisoner contended, that the prisoner could not be convicted of larceny of the goods of Walter Legget, when it appeared they were jointly owned by Messrs. Legget and Sharp. The Doctor went into an argument of some length to prove the position.

The Court were of a different opinion, the case was like that of a merchant who entrusted his goods into the hands of a clerk, who for the time being, might have an interest in them, yet no person doubted but they should be laid in the indictment as the property of the merchant. That the case now before them appeared by the evidence to be, that the store and contents belonged to Mr. Legget; that Mr. Sharp, by the contract with Legget, was to have a share in the profits, if any were made, which, from the nature of the business, was uncertain; it was therefore, a contingent interest, and not such a one as required the goods to be laid as their property.

Doctor Graham summed up the cause to the jury, and

contended that the prisoner and the prosecutor were related to each other, and lived in the same house; that the prisoner had attended in his store for a very considerable length of time, without demanding or receiving any compensation; and that it was probable, in consequence of the intimate relation between the parties, the prisoner might have thought himself at liberty to take the goods, and that it was probable he was ignorant that he was committing felony, although a very improper and indiscreet act; and that the prisoner's character being proved to be heretofore good, the jury ought to lean in favor of mercy, and acquit the prisoner.

*Maxwell, District Attorney*, did not think it his duty to sum up on the part of the people, and, therefore, left it to the jury. The jury retired for about fifteen minutes, and returned into Court with a verdict of not guilty.